IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Chad Piazza, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 9:21-cv-0621-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Ms. Barnes, *Warden*; Dr. ) | |
| Onaha; and Nurse Ramsey, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

Plaintiff Chad Piazza, proceeding *pro se*, brought this civil action to 42 U.S.C. § 1983. (ECF No. 3). This action was originally docketed as Case Number 9:21-cv-00185-TMC-MHC; however, on March 3, 2021, the court severed the instant matter, which was re-docketed under the case number captioned above. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On March 4, 2021, the magistrate judge entered an order directing Plaintiff to bring the case into proper form and to notify the Clerk's Office if his address changed. (ECF No. 8). The proper form order was mailed to Plaintiff at address he provided to the court, (ECF No. 9), and has not been returned as undeliverable. Thus, Plaintiff is presumed to have received it. Nevertheless, Plaintiff failed to bring the case into proper form or to file any response to the court's order, and the time to do so has expired.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 11). Plaintiff was advised of his

right to file objections to the Report. *Id*. at 4. Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In

addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted).  These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal.  *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal.  As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's March 4th order. Plaintiff was specifically warned that his case would be subject to dismissal if he failed to bring the case into proper form in the time permitted.  (ECF No. 8 at 1, 3–4).  The court concludes that Plaintiff's lack of response to the court's order or the Report indicates an intent to no longer pursue this action and subjects this case to dismissal.  *See* Fed. R. Civ. P. 41(b).  Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate.  *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 11),

and incorporates it herein. Accordingly, for the reasons set forth herein, this case is **DISMISSED without prejudice** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 13, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.